**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000057
11-SEP-2014
08:04 AM**

NO. CAAP-12-0000057

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CITIGROUP
MORTGAGE LOAN TRUST 2006-WFHE4, Plaintiff-Appellee,
v.
KERRY KEITH LONG, Defendant-Appellant,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10 and DOE
GOVERNMENTAL UNITS 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 09-1-0172)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Reifurth, JJ.)

Defendant-Appellant Kerry Keith Long ("Long") appeals from the December 28, 2011 Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Second Motion for Summary Judgment and Decree of Foreclosure Against All Defendants On Complaint Filed May 13, 2009, Filed September 2, 2011; and the December 28, 2011 Judgment on Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Second Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed May 13, 2009, Filed September 2, 2011; both entered in the Circuit Court of the Third Circuit.[1/]

On appeal, Long asserts that the Circuit Court (1) abused its discretion in denying his Hawaiʻi Rules of Civil

---

[1/]    The Honorable Greg K. Nakamura presided.

Procedure ("HRCP") Rule 56(f) request for a continuance, and (2) erred in granting summary judgment in favor of Plaintiff-Appellee U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust 2006-WFHE4 ("U.S. Bank") because (a) "the moving papers were deficient as a matter of law" and failed to meet U.S. Bank's burden of proof; (b) U.S. Bank did not disprove every affirmative defense against it; (c) there were genuine issues of fact as to the validity of the foreclosure and the standing of the moving party; and (d) Long was denied due process.[2/]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Long's points as follows and affirm:

(1) Long argues that the Circuit Court abused its discretion in denying his request for a continuance under HRCP Rule 56(f). We disagree. See *U.S. Bank Nat. Ass'n v. Castro*, 131 Hawai'i 28, 39, 313 P.3d 717, 728 (2013) (concluding that the trial court did not abuse its discretion in denying HRCP Rule 56(f) request because appellant failed to show how the proposed discovery would demonstrate a genuine issue of material fact). *See also Wilder v. Tanouye*, 7 Haw. App. 247, 253-54, 753 P.2d 816, 821 (1988) (trial court did not abuse its discretion in denying HRCP Rule 56(f) request, when requesting party failed to provide any reason for not conducting adequate discovery during twenty-nine month period since the filing of the original complaint); *Briggs v. Wilcox*, 991 N.E.2d 262, 263, 271 (Ohio Ct. App. 2013) (holding that trial court did not abuse its discretion in denying substantially similar Ohio Rules of Civil Procedure Rule 56(f) motion by substitute counsel, when issue had been raised in pleadings and was pending for over a year, yet discovery was not sought until motion for summary judgment).

---

[2/]    The argument section of Long's opening brief does not contain any citations to the record. Long also declines to provide any page cites to the cases discussed in the argument. Accordingly, Long fails to comply with the Hawai'i Rules of Appellate Procedure and his arguments may be deemed waived. *See* Haw. R. App. P. Rule 28(b)(7). However, as "the policies of this court are to permit litigants to appeal and to have their cases heard on the merits, where possible[,]" *O'Connor v. Diocese of Honolulu*, 77 Hawai'i 383, 386, 885 P.2d 361, 364 (1994), we address the merits of Long's appeal, to the extent we can discern them.

(2) Long contends that U.S. Bank's moving papers were deficient, because "the declarations submitted in support of the motion [for summary judgment were] defective as a matter of law and did not show affirmatively that the declarants/affiants were competent to testify, did not set forth admissible evidence based on personal knowledge, and otherwise violated rules of professional conduct." The documentary evidence of Long signing the note and mortgage, coupled with the declaration of indebtedness, record of delinquent payments, and the assignment, however, was "clearly sufficient" to satisfy U.S. Bank's initial burden of production. *See Ocwen Fed. Bank, FSB v. Russell*, 99 Hawai'i 173, 184, 53 P.3d 312, 323 (App. 2002). *See also Castro*, 131 Hawai'i at 41, 313 P.3d at 730 (counsel's declaration was not deficient as a matter of law as it included self-authenticating documents along with other documents establishing a direct chain of title).

Relying on *GECC Fin. Corp. v. Jaffarian*, 79 Hawai'i 516, 904 P.2d 530 (App. 1995) ("*Jaffarian I*"), Long further argues that U.S. Bank was required to "disprove every affirmative defense asserted against it in this case" and that there were genuine issues of fact as to the validity of the foreclosure and U.S. Bank's standing.

Long's reliance on *Jaffarian I* is misplaced. *GECC Fin. Corp. v. Jaffarian*, 80 Hawai'i 118, 119, 905 P.2d 624, 625 (1995) ("a plaintiff-movant is not required to disprove affirmative defenses asserted by a defendant in order to prevail on a motion for summary judgment"). A plaintiff-movant "is only obligated to disprove an affirmative defense on a motion for summary judgment when 'the defense produces material in support of an affirmative defense.'" *Castro*, 131 Hawai'i at 41, 313 P.3d at 730 (quoting *Jaffarian I*, 79 Hawai'i at 526, 904 P.2d at 540 (Acoba, J., concurring) (footnote omitted)). Here, Long's declaration merely speculated that discovery would result in a certain outcome and did not provide sufficient evidence of Long's interest in or ownership of the Note and Mortgage. Therefore, the declaration did not demonstrate the existence of genuine issues of material fact as to whether U.S. Bank was a real party in interest, and

3

Long, as defendant, did not meet his burden of proving facts essential to his defense. *See id.* at 41-42, 313 P.3d at 730-31.

Finally, as to Long's claim that he was denied due process, Long failed to include transcripts of the Circuit Court proceedings, including the November 1, 2011 hearing on the motion for summary judgment, in the record on appeal. Thus, the record on appeal is "factually undeveloped with respect to the due process claim." *Id.* at 42, 313 P.3d at 731. Furthermore, the record indicates, and Long does not dispute, that he received written notice of and personally attended the November 1, 2011 hearing on the motion for summary judgment. Therefore, the record does not indicate that Long was denied "notice and an opportunity to be heard at a meaningful time and in a meaningful manner[,]" *Id.* at 42, 313 P.3d at 731, and the Circuit Court did not err in granting summary judgment in favor of U.S. Bank.

Therefore,

The December 28, 2011 Judgment on Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Second Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed May 13, 2009, Filed September 2, 2011 is affirmed.

DATED: Honolulu, Hawai'i, September 11, 2014.


On the briefs:

Robin R. Horner
(RRH & Associates)
for Defendant-Appellant.

Robert E. Chapman and
Elise Owens Thorn
(Clay Chapman Iwamura Pulice
& Nervell)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

4